WHITEFORD, TAYLOR & PRESTON L.L.P.

Kenneth Oestreicher, Esquire (ko8890)
Seven Saint Paul Street, Suite 1800
Baltimore, Maryland 21202
Tel: 410-347-9495
Fax: 410-625-7510
caritas@wtplaw.com

Special Counsel to the Debtors

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**CARITAS HEALTH CARE, INC., et al.,**<br><br>    Debtors. | Chapter 11<br><br>Cases No. 09-40901 (CEC)<br>through 09-40909 (CEC)<br><br>(Jointly Administered) |
| **CARITAS HEALTH CARE, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**GLACIAL ENERGY OF NEW YORK,**<br><br>    Defendant. | Adv. Pro. No. 10-_____ |

**COMPLAINT TO (I) AVOID PREFERENTIAL AND FRAUDULENT TRANSFERS
AND TO RECOVER PROPERTY PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550;
AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Caritas Health Care, Inc. files this Complaint to (I) Avoid Preferential and Fraudulent Transfers and to Recover Property Pursuant to 11 U.S.C. §§ 547, 548 and 550; and (II) Disallow Claims Pursuant to 11 U.S.C. § 502(d) against the above-captioned Defendant, and for cause states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue lies properly in this Court pursuant to 28 U.S.C. § 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

## THE PARTIES

4. The Plaintiff is Caritas Health Care, Inc. ("Caritas" or the "Plaintiff").

5. Upon information and belief, Glacial Energy of New York (the "Defendant") is a person as defined in 11 U.S.C. § 101(41) residing in and/or conducting business in the United States and, at all times material hereto, was a vendor, supplier or otherwise maintained a business relationship with Caritas or its affiliates.

## STATEMENT OF FACTS

6. On February 6, 2009 (the "Petition Date"), the Plaintiff and several affiliates (collectively, the "Debtors") filed with this Court voluntary petitions for relief under Chapter 11 of 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"). [1]

7. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their affairs as debtors-in-possession.

8. On February 13, 2009, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' Chapter 11 cases.

9. Shortly after the Petition Date, the Debtors ceased business operations and terminated the vast majority of their employees. Pursuant to an order of this Court, the Debtors

---

[1] The Debtors in this case are Caritas Health Care, Inc, Case No. 09-40901; Caritas Anesthesia Services, P.C., Case No. 09-40902; Caritas Cardiology Services, P.C., Case No. 09-40903; Caritas Emergency Medical Services, P.C., Case No. 09-40904; Caritas Family Health Services, P.C., Case No. 09-40905; Caritas Medical Services, P.C., Case No. 09-40906; Caritas OB/GYN Services, P.C., Case No. 09-40907; Caritas Pediatric Services, P.C., Case No. 09-40908; and Caritas Radiology Services, P.C., Case No. 09-40909.

have sold substantially all of their assets. The Debtors' remaining assets consist primarily of the proceeds of such sale and causes of action belonging to the Debtors, including certain avoidance actions pursuant to Chapter 5 of the Bankruptcy Code.

10. General unsecured creditors of the Debtors will receive less than the full value of their claims.

11. During the 90-day period prior to the Petition Date (the "Preference Period"), the Plaintiff made the transfers to the Defendant that are set forth in Exhibit A (the "Transfers").[2]

12. The Transfers identified in Exhibit A were transfers of interests of the Plaintiff's property consisting of cash.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))

13. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 12 above, as if fully stated herein.

14. During the Preference Period, the Defendant received the Transfers from the Plaintiff.

15. Each of the Transfers constitutes a transfer of an interest in the Plaintiff's property.

16. Each of the Transfers was made, or caused to be made to the Defendant.

---

[2] Exhibit A reflects the Plaintiff's current knowledge of the Transfers (made by check, wire transfer or their equivalent) to the Defendant during the Preference Period. During the course of this proceeding, the Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. It is the Plaintiff's intention to avoid and recover all such transfers, whether such transfers are presently reflected in Exhibit A or not. Accordingly, the Plaintiff reserves its rights to supplement and/or amend this information as necessary and appropriate.

17. Each of the Transfers was made, or caused to be made, for or on account of one or more antecedent debts owed by the Plaintiff to the Defendant prior to the date on which such Transfer was made.

18. The Defendant was a creditor of the Plaintiff at the time of the Transfers within the meaning of Section 101(10)(A) of the Bankruptcy Code.

19. At the time of each of the Transfers, the Defendant had a right to payment on account of an obligation owed to the Defendant by the Plaintiff.

20. The Transfers were to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code because the Transfers either reduced or fully satisfied a debt then owed by the Plaintiff to the Defendant.

21. The Transfers were made for or on account of an antecedent debt for which the Plaintiff was legally bound to pay.

22. The Transfers were made while the Plaintiff was insolvent because the value of the Plaintiff's assets at a fair valuation was less than the sum of its debts.

23. As a result of the Transfers, the Defendant received more than it would have received if:

    (a) The Plaintiff's bankruptcy case was case under Chapter 7 of the Bankruptcy Code;

    (b) The Transfers had not been made; and

    (c) The Defendant had received payment on its debt to the extent provided by the provisions of the Bankruptcy Code.

24. Based on the foregoing, the Plaintiff is entitled to avoid the Transfers pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT II
### (Avoidance of Transfers as Fraudulent Transfers pursuant to 11 U.S.C. § 548(a)(1)(B))

25.     This Count is in the alternative to Count I.

26.     The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-12 above, as if fully stated herein.

27.     To the extent the Transfers identified in Exhibit A were payments on account of obligations or antecedent debts owed to the Defendant for which the Plaintiff was not liable, the Plaintiff did not receive reasonably equivalent value in exchange for the Transfers.

28.     The Transfers identified in Exhibit A were made at a time when the Plaintiff was insolvent because the value of the Plaintiff's assets at a fair valuation was less than the sum of its debts.

29.     The Transfers identified in Exhibit A were made within two years of the Petition Date.

30.     Based on the foregoing, the Plaintiff may avoid the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

31.     The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 30 above, as if fully stated herein.

32.     To the extent that the Transfers are avoided under Sections 547(b) or 548(a)(1)(B) of the Bankruptcy Code, the Plaintiff is entitled to recover, for the benefit of the Plaintiff's estate, the Transfers or the value of the Transfers from the Defendant or any immediate or mediate transferee of the Defendant pursuant to Section 550(a)(1) of the Bankruptcy Code.

WHEREFORE, the Plaintiff respectfully requests that the Bankruptcy Court enter relief and judgment in its favor and against the Defendant as follows:

(a) Declaring that the Transfers identified herein (and any other Transfers from the Plaintiff to the Defendant during the Preference Period are avoided and set aside as preferences under Section 547 of the Bankruptcy Code;

(b) Alternatively, declaring that the Transfers identified herein (and any other Transfers from the Plaintiff to the Defendant within two years of the Petition Date) for which the Plaintiff did not receive reasonably equivalent value are avoided and set aside as fraudulent transfers under Section 548 of the Bankruptcy Code;

(c) Directing and ordering that the Defendant, or any immediate or mediate transferee of the Defendant, turn over to the Plaintiff the full amount of or value of the Transfers (and any other avoided Transfers discovered after the date of this Complaint) pursuant to Section 550 of the Bankruptcy Code;

(d) Awarding judgment against the Defendant and in favor of the Plaintiff in an amount equal to:

(i) $643,717.43;

(ii) Pre-judgment interest at the maximum legal rate running from the time of the Transfer until the date of judgment herein;

(iii) Post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full; and

(iv) Fees and costs incurred by the Plaintiff in this suit;

  (e) Disallowing any and all claims of the Defendant against the Plaintiff's estate under Section 502(d) of the Bankruptcy Code; and

  (f) Such other and further relief as is necessary and proper.

Dated:  February 4, 2011
  Baltimore, Maryland    Respectfully submitted,

            WHITEFORD, TAYLOR & PRESTON L.L.P.

             /s/ Kenneth Oestreicher
            Kenneth Oestreicher, Esquire (ko8890)
            Seven Saint Paul Street, Suite 1800
            Baltimore, Maryland 21202
            Tel: 410-347-9495
            Fax: 410-625-7510
            caritas@wtplaw.com

            Special Counsel to the Debtors

*1939039*

Caritas v Glacial Energy Exhibit A.xls

| EXHIBIT A* | | | |
|---|---|---|---|
| **Transfers** | | | |
| **Name of Creditor** | **Check Number** | **Chk Date** | **Amount Paid** |
| GLACIAL ENERGY | | 11/13/2008 | $139,123.39 |
| GLACIAL ENERGY | | 11/22/2008 | $131,265.19 |
| GLACIAL ENERGY | | 12/13/2008 | $102,575.01 |
| GLACIAL ENERGY | | 12/20/2008 | $82,597.90 |
| GLACIAL ENERGY | | 1/13/2009 | $102,387.48 |
| GLACIAL ENERGY | | 1/21/2009 | $85,768.46 |
| | | | **$643,717.43** |

*Debtors' counsel reserves the right to amend, supplement or otherwise modify this Exhibit from time to time, without limitation, prior to the service of same.