**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
Eric R. Perkins, Esq.
88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490
*Attorneys for Glacial Energy of New York*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CARITAS HEALTH CARE, INC., *et al.*,<br><br>Debtors. | Cases No.: 09-40901 (CEC)<br>through 09-40909 (CEC)<br>(Jointly Administered)<br><br>Chapter 11 |
| CARITAS HEALTH CARE, INC.,<br><br>Plaintiff<br><br>vs.<br><br>GLACIAL ENERGY OF NEW YORK,<br><br>Defendant. | Adv. Pro. No 11-01095 (CEC) |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF GLACIAL ENERGY OF NEW YORK**

Defendant Glacial Energy of New York ("Defendant"), by and through its undersigned counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Answer to the Complaint to (I) Avoid Preferential Transfers and Fraudulent Transfers and to Recover Property Pursuant to 11 U.S.C. §§ 547, 548, and 550 and (II) Disallow Claims Pursuant to 11 U.S.C. § 502 (the "Complaint") made in the case of In re Caritas Health Care, Inc., *et al.* ("Debtors") by plaintiff Caritas Health Care, Inc. (the "Plaintiff"), respectfully responds as follows:

## JURISDICTION

1. Defendant need not admit or deny the allegations set forth in paragraph 1 of the Complaint insofar as Plaintiff asserts a legal conclusion.

2. Defendant need not admit or deny the allegations set forth in paragraph 2 of the Complaint insofar as Plaintiff asserts a legal conclusion.

3. Defendant need not admit or deny the allegations set forth in paragraph 3 of the Complaint insofar as Plaintiff asserts a legal conclusion.

## THE PARTIES

4. Defendant admits the allegations set forth in paragraph 4 of the Complaint.

5. Defendant admits the allegations set forth in paragraph 5 of the Complaint.

## STATEMENT OF FACTS

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and leaves Plaintiff to its proofs thereof.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and leaves Plaintiff to its proofs thereof.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and leaves Plaintiff to its proofs thereof.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and leaves Plaintiff to its proofs thereof.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and leaves Plaintiff to its proofs thereof.

11. As to Paragraph 11, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to

verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and leaves Plaintiff to its proofs thereof. To the extent any liability is alleged, said allegations are denied.

12. As to Paragraph 12, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and leaves Plaintiff to its proofs thereof. To the extent the allegations in paragraph 12 call for a legal conclusion no response is required. To the extent any liability is alleged, said allegations are denied.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

13. Defendant repeats herein its answer to each and every allegation of paragraphs 1 through 12 of the Complaint as if set forth at length herein.

14. As to Paragraph 14, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and leaves Plaintiff to its proofs thereof. To the extent the allegations in paragraph 14 call for a legal conclusion no response is required. To the extent any liability is alleged, said allegations are denied.

15. As to Paragraph 15, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and leaves Plaintiff to its proofs thereof. To the extent the allegations in paragraph 15 call for a legal conclusion no response is required. To the extent any liability is alleged, said allegations are denied.

16. As to Paragraph 16, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and leaves Plaintiff to its proofs thereof. To the extent the allegations in paragraph 16 call for a legal conclusion no response is required. To the extent any liability is alleged, said allegations are denied.

17. As to Paragraph 17, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and leaves Plaintiff to its proofs thereof. To the extent the allegations in paragraph 17 call for a legal conclusion no response is required. To the extent any liability is alleged, said allegations are denied.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and leaves Plaintiff to its proofs thereof.

To the extent the allegations in paragraph 18 call for a legal conclusion no response is required. To the extent any liability is alleged, said allegations are denied.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and leaves Plaintiff to its proofs thereof.

20. As to Paragraph 20, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and leaves Plaintiff to its proofs thereof. To the extent the allegations in paragraph 20 call for a legal conclusion no response is required. To the extent any liability is alleged, said allegations are denied.

21. As to Paragraph 21, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and leaves Plaintiff to its proofs thereof. To the extent the allegations in paragraph 21 call for a legal conclusion no response is required. To the extent any liability is alleged, said allegations are denied.

22. As to Paragraph 22, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and leaves Plaintiff to its proofs thereof. To the extent the allegations in paragraph 22 call for a

legal conclusion no response is required. To the extent any liability is alleged, said allegations are denied.

23. As to Paragraph 23, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and leaves Plaintiff to its proofs thereof. To the extent the allegations in paragraph 23 call for a legal conclusion no response is required. To the extent any liability is alleged, said allegations are denied.

24. To the extent the allegations call for a legal conclusion no response is required. Defendant otherwise denies the allegations of Paragraph 24.

## COUNT II
**(Avoidance of Transfers as Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B))**

25. Defendant admits the allegations set forth in paragraph 25 of the Complaint.

26. Defendant repeats herein its answer to each and every allegation of Paragraphs 1 through 25 of the Complaint as if set forth at length herein.

27. As to Paragraph 27, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and leaves Plaintiff to its proofs thereof. To the extent the allegations in paragraph 27 call for a legal conclusion no response is required. To the extent any liability is alleged, said allegations are denied.

28. As to Paragraph 28, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and leaves Plaintiff to its proofs thereof.

29. As to Paragraph 28, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and leaves Plaintiff to its proofs thereof.

30. As to Paragraph 30, to the extent the allegations call for a legal conclusion no response is required. Defendant otherwise denies the allegations of paragraph 30.

## COUNT III
**(Recovery of Avoided Transfers Pursuant to 11 U.S.C. §549)**

31. Defendant repeats herein its answer to each and every allegation of Paragraphs 1 through 30 of the Complaint as if set forth at length herein.

32. As to Paragraph 32, other than to admit that certain transfers were made to the Defendant by the Debtors prior to the petition date, the amount and date of which is subject to verification through investigation and discovery, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and leaves Plaintiff to its proofs thereof. To the extent the allegations in paragraph 32 call for a legal conclusion no response is required. To the extent any liability is alleged, said allegations are denied.

WHEREFORE, Defendant respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint with prejudice and without costs and fees, and for such other and further relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Defendant, for its Affirmative Defenses says:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because it fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by set-off pursuant to applicable state law and/or 11 U.S.C. §553.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has no legal or equitable right in the property at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because some or all of proceeds received by Defendant were in satisfaction of a lien.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because sums received by Defendant from the Debtors were in payment of a debt incurred by Debtors in the ordinary course of business or financial affairs of the Debtors and Defendant, said transfers were made in the ordinary course of business or financial affairs of Debtors and Defendant, and said transfers were made according to ordinary business terms.  11 U.S.C. § 547(c)(2).

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because sums received by Defendant from Debtors were intended to be a contemporaneous exchange for new value given to the Debtors and, in fact, was a substantially contemporaneous exchange.  11 U.S.C. §547(c)(1).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because sums received by Defendant from Debtors resulted in Defendant giving new value to Debtors not secured by an otherwise unavoidable security interest and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant.  11 U.S.C. §547(c)(4).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because it does not meet the test required under 11 U.S.C. §547.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because it does not meet the test required under 11 U.S.C. §548.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because it does not meet the test required under 11 U.S.C. §549.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because it does not meet the test required under 11 U.S.C. §550.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because Debtor was solvent at the time of the transfer.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by release.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves its right to assert additional Affirmative Defenses as discovery shall reveal including, but not limited to, other defenses available under 11 U.S.C. §547(c).

Dated:  April 18, 2011

McELROY, DEUTSCH, MULVANEY
& CARPENTER LLP
*Attorneys for Glacial Energy of New York*

By: /s/ *Eric R. Perkins*
    Eric R. Perkins, Esq.
    88 Pine Street, 24th Floor
    New York, New York 10005
    Telephone (212) 483-9490
    Facsimile:  (212) 483-9129
    E-Mail:  eperkins@mdmc-law.com

1585572-1